```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

BARTON LAMBDIN,                 )   CIVIL NO. 14-00345 SOM/KSC
                                )
          Plaintiff,            )   ORDER GRANTING IN PART AND
                                )   DENYING IN PART MOTION TO
     vs.                        )   DISMISS
                                )
MARRIOTT RESORTS HOSPITALITY    )
CORPORATION,                    )
                                )
          Defendant.            )
_____ )
```

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

**I.      INTRODUCTION.**

Defendant Marriott Resorts Hospitality Corporation ("Marriott") moves to dismiss Plaintiff Barton Lambdin's Complaint for failure to state a claim upon which relief can be granted. The motion to dismiss is granted with respect to Counts I and II and denied with respect to Count III.

**II.     FACTUAL BACKGROUND.**

Lambdin alleges that, while employed by Marriott as a mechanic, he was injured on the job. ECF No. 1, PageID # 3. Lambdin says that his injury developed into a disability that "relates to hip injuries and bilateral hip replacements." Id.

According to Lambdin, he gave Marriott a doctor's note that requested a "hoist/lift" to "minimize . . . having to work on machinery in a lying flat position on his back." Id. Lambdin contends that Marriott did not provide the requested equipment or any other accommodation for his disability. Id.

Lambdin also alleges that he was written up by his supervisor on February 21, 2013, "for having taken leave from work due to his disability and complaining about the refusal to accommodate his disability." Id.

Lambdin asserts the following claims against Marriott: (1) disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) intentional infliction of emotional distress; and (3) retaliation in violation of the ADA. Id., PageID # 4-6.

Marriott now moves to dismiss Lambdin's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See ECF No. 11.

### III. STANDARD.

#### A. Rule 12(b)(6).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

On a Rule 12(b)(6) motion to dismiss, all allegations

of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**IV. ANALYSIS.**

    **A. Count I, Lambdin's ADA Claim, is Dismissed.**

Count I asserts an ADA violation based on two different theories, neither of which is sufficiently alleged.

        **1. Lambdin's Disparate Treatment Claim Under the ADA is Dismissed.**

Count I includes a claim of disparate treatment in violation of the ADA.

A plaintiff claiming discrimination in the form of disparate treatment in violation of the ADA must show that he or she: (1) is disabled; (2) is a qualified individual; and (3) has suffered an adverse employment action because of his or her disability. See, e.g., Bates v. United Parcel Serv., Inc., 511 F.3d 974, 988 (9th Cir. 2007); Sanders v. Arneson Products, Inc., 91 F.3d 1351, 1353 (9th Cir. 1996).

Lambdin does not assert a plausible disparate treatment claim.[1]  Under the ADA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C § 12102(1).  Lambdin offers insufficient allegations regarding his alleged disability under the ADA.  He alleges only that he "suffered a work related injury which

---

[1] In assessing the sufficiency of Lambdin's disparate treatment claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this court is cognizant that, in Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002), the Supreme Court noted, "The prima facie case . . . is an evidentiary standard, not a pleading requirement."  While Lambdin is not, for the purposes of Marriott's motion to dismiss, strictly bound by the elements of a prima facie case, those elements are a useful tool in assessing whether Lambdin meets the requirement in Rule 8(a) of the Federal Rules of Civil Procedure that a complaint contain "a short and plain statement of the claim *showing that the pleader is entitled to relief*." (Emphasis added).  A pleader is only entitled to proceed if he or she states a plausible claim, and a claim can be so meagerly asserted as to be rendered implausible.  See Fresquez v. Cnty. of Stanislaus, No. 1:13-cv 1897-AWI-SAB, 2014 WL 1922560, at *2 (E.D. Cal. May 14, 2014)("[W]hile a plaintiff need not plead facts constitut[ing] all elements of a prima facie employment discrimination case in order to survive a motion to dismiss, courts look to those elements to analyze a motion to dismiss –- so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); Lindsey v. Claremont Middle Sch., No. C 12-02639 LB, 2012 WL 5988548, at *2 n. 3 (N.D. Cal. Nov. 29, 2012) ("[E]ven though [plaintiff] does not need to establish prima facie cases for his or her claims at this point, the court will look to the required elements to determine whether the facts that are alleged state plausible claims for relief.").  At some point, a claim may be so lacking in specificity and information that a claimant's entitlement to relief is reduced to being speculative.  See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

5

developed into a disability" and that "[t]he disability relates to hip injuries and bilateral hip replacements." ECF No. 1, PageID # 3. The court cannot discern whether he qualifies as disabled under the ADA through substantial limitation of a major life activity, by having a record of such impairment, or by being regarded as having such an impairment.

It is not enough for Lambdin to state, in conclusory fashion, that he has a disability. Having been injured or living with an impairment does not necessarily guarantee that one is protected by the ADA. As noted by the Ninth Circuit, "[t]he ADA defines 'disability' with specificity as a term of art. Hence, a person may be 'disabled' in the ordinary usage sense, or even for purposes of receiving disability benefits from the government, yet still not be 'disabled' under the ADA." Sanders, 91 F.3d at 1354 n.2. More is required of Lambdin to sufficiently allege a disability under the ADA. See, e.g., Rodriguez v. John Muir Med. Ctr., No. C 09-0731 CW, 2010 WL 1002641, at *2 (N.D. Cal. Mar. 18, 2010) (concluding that plaintiff insufficiently pled a disability under the ADA where plaintiff stated that she "had a disability involving her back" but did not allege facts suggesting substantial impairment due to her disability and did not "illuminate the nature, severity, duration and impact of her disability"); Kaiser v. Banc of Am. Inv. Servs., Inc., 296 F. Supp. 2d 1219, 1221 (D. Nev. 2003) (concluding that plaintiff

insufficiently pled his alleged disability under the ADA even though plaintiff alleged that defendant regarded him as disabled because "the complaint does not state that Plaintiff was regarded as having an impairment that 'substantially limits' a 'major life activity,' nor does it allege which major life activity is regarded as impaired").

Nor can the court even guess at whether Lambdin may be a qualified individual under the ADA. A qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); see also Bates, 511 F.3d at 989. Although Lambdin alleges that he is a mechanic and that he was denied the tools necessary to accommodate his disability, his Complaint is devoid of any allegation relating to whether he is capable of performing the essential functions of his position. Lambdin's Complaint need not include any magical invocation of "prima face case" language to satisfy Rule 8 requirements, but he cannot leave his opponent and the court with no information at all about whether or how he falls under the ADA. The absence of allegations going to such basic matters weighs in favor of dismissal. See, e.g., Reyes v. Fircrest Sch., No. C11-0778JLR, 2012 WL 5878243, at *3 (W.D. Wash. Nov. 21, 2012) (dismissing ADA claim given absence of allegations indicating that plaintiff was a qualified

7

individual); Goodmon v. Big O Tires, Inc., No. 110CV0550 OWW DLB, 2010 WL 1416680, at *2 (E.D. Cal. Apr. 8, 2010) (same); Rodriquez, 2010 WL 1002641, at *3 (same).

Lambdin also leaves out of his Complaint any suggestion that he suffered an adverse employment action because of his alleged disability. An adverse employment action "materially affects the compensation, terms, conditions, or privileges of . . . employment." Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008) (brackets omitted). Lambdin alleges that he was "written up by his supervisor for having taken leave from work due to his disability and complaining about the refusal to accommodate his disability," and argues in his opposition that "[a] reasonable inference can be made that when [Lambdin] was 'written up' . . . he suffered an adverse employment action." ECF No. 16, PageID # 78-79. However, the Complaint includes no allegations indicating whether being written up materially affected the compensation, terms, conditions, or privileges of his employment. Contrary to Lambdin's conclusory assertions, it is not at all clear that being written up, without more, constitutes an adverse employment action. See, e.g., Lloyd v. Swifty Transp., Inc., 552 F.3d 594, 602 (7th Cir. 2009) ("[W]ritten reprimands without any changes in the terms or conditions of [] employment are not adverse employment actions."); Moore v. Marriott Int'l, Inc., No. CV-12-00770-PHX-

BSB, 2014 WL 5581046, at *10-11 (D. Ariz. Oct. 31, 2014) (concluding that a warning letter stating that plaintiff may be subject to further disciplinary action if additional violations of company policy occurred was not an adverse employment action because it did not cause any material adverse change in plaintiff's employment); Hoang v. Wells Fargo Bank, N.A., 724 F. Supp. 2d 1094, 1104 (D. Or. 2010) (concluding that a warning letter stating that plaintiff would be barred from obtaining a raise if she received a final written warning was not an adverse employment action).

Lambdin's disparate treatment claim is woefully lacking.

### 2. The "Failure to Accommodate" Prong of Count I is Insufficiently Pled.

The second part of Count I alleges that Marriott failed to provide Lambdin with reasonable accommodations.

Under the ADA, an employer must make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A); see also Kaplan v. City of N. Las Vegas, 323 F.3d 1226, 1232 (9th Cir. 2003). As previously noted, Lambdin's allegations do not indicate that he is a "qualified individual

9

with a disability," as those terms are defined in the ADA. Absent sufficient allegations to suggest that Marriott was required to provide Lambdin with reasonable accommodations, Lambdin's claim for failure to accommodate under the ADA is not plausible.

Because the allegation of additional facts consistent with the Complaint in this matter could cure the deficiencies in Count I, leave to amend Count I is granted. Lambdin is given leave to file an Amended Complaint reasserting Count I with more detail no later than February 5, 2015.

> **B.    Count II, Lambdin's Intentional Infliction of Emotional Distress Claim, is Dismissed With Prejudice.**

Lambdin concedes that his intentional infliction of emotional distress claim is barred by the exclusivity provision of Hawaii's workers' compensation law. See Haw. Rev. Stat. § 386-5. As noted in Yang v. Abercrombie & Fitch Stores, 128 Haw. 173 (App. 2012), the exclusivity provision in section 386-5 of Hawaii Revised Statutes bars suits by employees against employers for alleged injuries caused by the alleged willful acts of co-employees acting in the course and scope of their employment. Id. at 183. Lambdin's intentional infliction of emotional distress claim is subject to this bar and must be dismissed on that basis. See, e.g., Souza v. Silva, Civ. No. 12-00462 HG-BMK, 2014 WL 2452579, at *15-*16 (D. Haw. May 30, 2014);

Chang v. Straub Clinic & Hosp., Inc., Civ. No. 12-00617 DKW-RLP, 2014 WL 47947, at *9 (D. Haw. Jan. 7, 2014); Shim v. United Air Lines, Inc., Civ. No. 11-00162 JMS-BMK, 2012 WL 6742529, at *6 n.5 (D. Haw. Dec. 13, 2012).

### C. Count III, Lambdin's ADA Retaliation Claim, is Sufficiently Pled.

A plaintiff claiming retaliation must show that: "(1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." Pardi v. Kaiser Found. Hospitals, 389 F.3d 840, 849 (9th Cir. 2004).

Marriott argues that Lambdin's retaliation claim does not sufficiently describe an adverse employment action or a casual connection between Lambdin's engagement in a protected activity and an adverse employment action. ECF No. 11-1, PageID # 41.

Contrary to Marriott's assertions, Lambdin does identify an adverse employment action that supports his retaliation claim. An adverse employment action in the retaliation context is "any action reasonably likely to deter employees from engaging in protected activity." Pardi, 389 F.3d at 850 (internal quotation marks omitted). This is not the same as an adverse employment action in the discrimination context. Judged against the standard set forth in Rule 8(a), Lambdin's allegation that he was written up by his supervisor for having

11

complained about Marriott's alleged refusal to accommodate his disability is sufficient.  Marriott's assertion that Lambdin "does not provide sufficient factual information of the context and the contents of the write-up necessary for it to be considered an adverse action" imposes a higher pleading standard on Lambdin than applies to a retaliation claim on this motion to dismiss.  ECF No. 11-1, PageID # 42.

The same can be said with respect to Marriott's argument that Lambdin fails to sufficiently plead a causal link between his protected activity and an adverse employment action.  As Lambdin points out in his opposition, Lambdin alleges that he was written up by his supervisor because he complained about Marriott's refusal to provide the equipment he requested.  This is sufficient to plead a causal connection.  Although, as Marriott notes, there is a time gap between the alleged request for accommodation and the alleged write-up by Lambdin's supervisor, there is no authority drawing an absolute line as to timing.  This court therefore declines to dismiss the retaliation claim solely on the basis of that time gap.

**V.     CONCLUSION.**

Marriott's motion to dismiss is granted with respect to Counts I and II and denied with respect to Count III.  No later than February 5, 2015, Lambdin may file an Amended Complaint with a revised Count I addressing the deficiencies noted in the

present order. The Amended Complaint may include Count III, renumbered and either otherwise unchanged or, if Lambdin chooses, amended. Count II may not be included in an Amended Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 21, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Lambdin v. Marriott Resorts Hospitality Corporation, Civ. No. 14-00345 SOM/KSC; ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS